AMIR JABERZADEH
1536, w 25th st, ofc, #1020
San pedro, CA, 90732-4463
Telephone: (323) 441-5089
Email: amirhossein.jaberzadeh@gmail.com
**Defendant/Counterclaimant in Pro Per**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| AMERICAN HEART TECHNOLOGIES, LLC, a Delaware limited liability company; HEARTLUNG CORPORATION, a Delaware Corporation., Plaintiffs, v. AMIRHOSSEIN JABERZADEH ANSARI aka AMIR JABERZADEH, an Individual; and DOES 1 – 10, Defendants. RELATED COUNTER-ACTION | Case No. 2:22-cv-08387-MEMF-RAO  **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56-1**  **[(Proposed) Order filed concurrently]**  Hearing Date: February 6, 2025  TIME: 10:00AM  COURTROOM: 8B |
|---|---|

Pursuant to Local Rule 56-1, Defendant Amir Jaberzadeh files the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

### Statement of Uncontroverted Facts

1. **Plaintiff claims:**

| Undisputed Material Fact | Source |
|---|---|

**Statement of Uncontroverted Facts and Conclusions of Law**

| Undisputed Material Fact | Source |
|---|---|
| 1. Plaintiff did not take reasonable steps to protect secrecy. Plaintiff specifically asked Defendant to hire employees offshore and not to sign NDAs with them | Jaberzadeh Declaration, pp. 9, 19 |
| 2. Plaintiff failed to identify the alleged trade secrets with specificity. Despite repeated requests, Plaintiff has not identified the specific documents or files that they claimed missing or claimed as trade secrets. | Jaberzadeh Declaration, pp. 24,25,26,27,28 |
| 3. Defendant has not used or disclosed the alleged trade secrets. Plaintiff did not provide any evidence showing Defendant use or disclose Plaintiff's trade secrets. | Jaberzadeh Declaration, p. 25 |
| 4. Plaintiff has not suffered any harm. Plaintiff has presented no evidence of lost profits or market share attributable to Defendant's alleged actions. | Jaberzadeh Declaration, p. 25 |
| 5. Plaintiff's alleged harm is speculative. | Jaberzadeh Declaration, p. 25 |
| 6. Plaintiff failed to show evidence of Defendant converting Plaintiff's trade secrets. | Jaberzadeh Declaration, p. 25 |

**2. Defendant counterclaims:**

| Undisputed Material Fact | Source |
|---|---|
| 1. Plaintiff dictated Defendant's daily schedule and work hours. | Jaberzadeh Declaration, p. 38 |

**Statement of Uncontroverted Facts and Conclusions of Law**

| | |
|---|---|
| 2. Plaintiff required Defendant to adhere to specific instructions regarding how tasks were to be performed. | Jaberzadeh Declaration, p. 38 |
| 3. Plaintiff retained the right to discipline Defendant for failing to follow company policies or procedures | Jaberzadeh Declaration, p. 39 |
| 4. Defendant performed tasks that are integral to Plaintiff's primary business operations | Jaberzadeh Declaration, p. 38 |
| 5. Plaintiff advertises the type of work performed by Defendant as one of its primary services to customers | Jaberzadeh Declaration, p. 38 |
| 6. Plaintiff did not contract out the type of work performed by Defendant to unrelated third-party businesses | Jaberzadeh Declaration, p. 38 |
| 7. Plaintiff prohibited Defendant from performing similar work for competitors while engaged by the hiring entity | Jaberzadeh Declaration, p. 36 |
| 8. Plaintiffs supplied all tools, equipment, and materials required to perform the work | Jaberzadeh Declaration, p. 37 |
| 9. Plaintiff reimbursed Defendant for expenses incurred in performing job duties | Jaberzadeh Declaration, p. 37 |
| 10. Defendant was required to attend mandatory weekly or daily meetings conducted by Plaintiffs to discuss job assignments | Jaberzadeh Declaration, p. 36 |
| 11. Defendant worked on a full-time | Jaberzadeh Declaration, p. 36 |

**Statement of Uncontroverted Facts and Conclusions of Law**

| | |
|---|---|
| basis out of Plaintiff's offices. | |

**Proposed Conclusions of Law**

1. Based on the foregoing uncontroverted facts, Plaintiff cannot establish essential elements of its trade secrets claim, including the existence of a trade secret, misappropriation by Defendant, or resulting damages. Therefore, Defendant is entitled to judgment as a matter of law.

2. Under the California labor law, the determination of whether a worker is an independent contractor or employee depends on the ABC test.

3. The undisputed evidence demonstrates that Defendant exerted significant control over Plaintiff's work, including dictating hours, supervising tasks, and requiring adherence to company policies. Furthermore, Plaintiff did not operate an independent business, lacked any substantial investment in tools or equipment, and performed work integral to Defendant's business operations. These facts compel the conclusion that Plaintiff was an employee under California labor law.

4. Based on the undisputed facts and applicable legal standards, this Court should conclude that Defendant was improperly classified as an independent contractor. Plaintiff's control over Defendant's work, the integral nature of Defendant's services to Plaintiff's business, and the absence of independent business operations by Defendant establish, as a matter of law, that Defendant was an employee. Accordingly, Defendant is entitled to judgment as a matter of law on the misclassification claim.

**Statement of Uncontroverted Facts and Conclusions of Law**

DATED: December 25, 2024            Amir Jaberzadeh

By: _____

Amir Jaberzadeh, Defendant/Counter Claimant