AMIR JABERZADEH
1536, w 25th st, ofc, #1006
San pedro, CA, 90732-4463
Telephone: (323) 441-5089
Email: amirhossein.jaberzadeh@gmail.com
Judgment Creditor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN HEART TECHNOLOGIES, LLC, a Delaware limited liability company; HEARTLUNG CORPORATION, a Delaware Corporation., <br>　　　　Judgment Debtor, <br>v. <br>AMIRHOSSEIN JABERZADEH ANSARI aka AMIR JABERZADEH, an Individual. , <br>　　　　Judgment Creditor. | Case No. 2:22-cv-08387-MEMF-RAO <br><br> **JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO COMPEL POST-JUDGMENT DEPOSITIONS** <br><br> Judge: Rozella A. Oliver <br> Hearing Date: Dec 17, 2025 <br> Time:10:00 a.m. <br> Place: Remote |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1

**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO**

PLEASE TAKE NOTICE that on Dec 17, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, Judgment Creditor **Amir Jaberzadeh** will and hereby does move under **FRCP 30**, **FRCP 69(a)(2)**, and **C.D. Cal. Local Rules 37-1, 37-2**, for an Order compelling Judgment Debtors to produce their **CEO Morteza Naghavi, employees Kyle Atlas, Chenyu Zhang, Marlon Montes, and advisors, Thomas Atlas, and Anthony Reeves** for post-judgment depositions **within 15 days**.

This motion is made because the counsel for Judgment Debtor refuses to produce *any* deponents until January 30th 2026, which is an unreasonable delay in violation of the Federal Rules.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Judgment Creditor properly noticed post-judgment depositions of the Judgment Debtor's CEO, three main employees, and two main advisors with knowledge of the Debtor's assets, financial condition, intellectual property, and revenue sources. These depositions are expressly permitted under **FRCP 69(a)(2)**.

Debtor's counsel responded stating that **he is not available for 80 days**, and refused to propose *any* alternative dates within a reasonable time, refused to mention any proper cause for his delay. Such a delay is **not permitted by the Rules**, frustrates enforcement of a lawful judgment, and constitutes obstruction of post-judgment discovery.

The Court should compel the depositions to occur **within 15 days**.

---

## II. LEGAL STANDARD

**A. Post-Judgment Discovery Is Broad and Mandatory – FRCP 69(a)(2)**

FRCP 69(a)(2) provides:

> "In aid of the judgment or execution, the judgment creditor *may obtain discovery from any person* as provided in these rules."

This includes **officers, managers, employees, agents, and third parties** with knowledge of assets.

Courts have held that post-judgment discovery is **entitled to the broadest scope**. See: **F.D.I.C. v. LeGrand**, 43 F.3d 163, 172 (5th Cir. 1995) – Post-judgment discovery is "very broad." **Credit Lyonnais v. SGC Int'l**, 160 F.3d 428, 431 (8th Cir.

1998) – Judgment creditor may depose any person with financial information.

B. Debtor Must Produce Knowledgeable Persons — FRCP 30(b)(6)

A corporate debtor must produce witnesses who can testify about assets, accounts, IP, receivables, and financial operations.

See **Great American Ins. Co. v. Vegas Constr. Co., 251 F.R.D. 534 (D. Nev. 2008).**

C. Unavailability for 80 Days Is Not "Reasonable"

Courts repeatedly reject long postponements of post-judgment discovery: **Resolution Trust Corp. v. Ruggiero**, 994 F.2d 1221, 1226 (7th Cir. 1993) – Judgment debtor must promptly appear for deposition. **United States v. Conces**, 507 F.3d 1028, 1040–41 (6th Cir. 2007) – Delaying debtor exams is sanctionable.

D. The Court May Compel Appearance and Award Sanctions

Under **FRCP 37(a)(3)(B)(i)** and **FRCP 37(d)**, a court may compel attendance and impose fees and sanctions for failure to appear or cooperate.

## III. ARGUMENT

A. Creditor Properly Noticed the Depositions

**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO**

Creditor served deposition notices under **FRCP 30** and **FRCP 69(a)(2)**, stating date, time, location, and topics relevant to asset discovery (Jaberzade declaration in support of motion to compel, Parag #3).

**B. Debtor's Refusal to Produce Witnesses for 80 Days Is Obstruction**

Debtor counsel's statement that he is not available until January 30th is:

1. **Unreasonable delay**,
2. **Not supported by any medical hardship**,
3. **Not justified under any rule**, and
4. **Prejudicial**,

because creditor is entitled to prompt discovery to enforce the judgment.

Post-judgment discovery is not taken "at the convenience of the debtor," and courts repeatedly compel depositions even within **10–21 days**.

**C. The Court Should Order Appearance Within 15 Days**

Given the Rules and case law, 15 days is reasonable.

**IV. REQUEST FOR RELIEF**

Creditor respectfully requests that the Court order:

5

**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO**

1. **Judgment Debtors to produce their CEO and specified employees, advisors for deposition within 15 days** of the Court's order;
2. **Debtor to provide three available dates within 7 days**;
3. **Attorney's fees and costs** associated with this motion under FRCP 37(a)(5), because Debtor's refusal lacked substantial justification; and
4. Any further relief the Court deems proper.

# CONCLUSION

Debtor has no legal basis to refuse depositions for 80 days. Post-judgment discovery must proceed promptly, and Creditor is entitled to immediate examination of witnesses with knowledge of Debtor's assets.

The Court should issue an order compelling the depositions to occur **within 15 days**.

DATED: NOV 18, 2025          Amir Jaberzadeh

By: _____
Amir Jaberzadeh, Defendant/Counter Claimant

**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO**

# PROOF OF SERVICE

*American Heart Technologies LLC, et al. v. Amirhoussein Jaberzadeh, et al.*

Case No. 2:22-cv-08387

On NOV 18, 2025, I served the foregoing documents described as on the interested parties in this matter:

( ) BY FIRST CLASS MAIL: By placing copies thereof enclosed in sealed envelopes addressed to the interested parties and depositing such envelope(s) in the mail at San Pedro, California. The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on the same day in the ordinary course of business. I am aware on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

(XX) EMAIL/ELECTRONIC TRANSMISSION: Based on an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the person at the email addresses listed in the SERVICE LIST. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) BY CM/ECF: With the Clerk of the United States District Court of California using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.
EXECUTED on NOV 18, 2025, in San Pedro, California.

_____
Amir Jaberzadeh

7

**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO**

## SERVICE LIST

Naveen Madala, Esq.  **Counsel for Plaintiffs**,
MADALA LAW  **AMERICAN HEART TECHNOLOGIES,**
89 Sapphire  **LLC and HEARTLUNG COPORATION**
Irvine, California 92602
naveen@madalalaw.com

8

**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION TO**