O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HEART TECHNOLOGIES, LLC, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> AMIRHOSSEIN JABERZADEH ANSARI, et al., <br><br> Defendant(s). | Case No.:  2:22-cv-08387-MEMF-RAO <br><br> **ORDER GRANTING MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL AND TO APPROVE SUPERSEDEAS BOND [DKT. NO. 126]** |

Before the Court is a Motion to Stay Enforcement of Judgment Pending Appeal and to Approve Supersedeas Bond filed by Plaintiffs American Heart Technologies, LLC ("American Heart") and HeartLung Corporation ("HeartLung"). Dkt. No. 126 ("Motion"). The Court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court hereby GRANTS the Motion.

1

**SUMMARY OF ORDER FOR *PRO SE* LITIGANT AMIRHOSSEIN JABERZADEH ANSARI**

The Court addresses Plaintiffs' Motion to Stay Enforcement of Judgment Pending Appeal and to Approve Supersedeas Bond. Motion. Plaintiffs request the Court: (1) stay enforcement of the judgment awarding your Motion for Attorney's Fees and Costs, Dkt. No. 102, pending appeal; and (2) approve the supersedeas bond in the amount of $65,024. This Order will explain why the Court GRANTS Plaintiffs' Motion.

## BACKGROUND

### I.     Factual Background

Plaintiff and Counterclaim Defendant American Heart Technologies, LLC ("American Heart") is a medical research and development company that invests in and develops medical technologies that focus on early detection of cardiovascular diseases, lung cancer, and other medical conditions. Plaintiff and Counterclaim Defendant HeartLung Corporation ("HeartLung") is a startup venture of American Heart.[1] American Heart and HeartLung collaborate with university medical centers to develop and commercialize advanced artificial intelligence ("AI") technologies for early detection of medical conditions. Counterclaim Defendant Morteza Naghavi ("Naghavi") is the founder and Chief Executive Officer of HeartLung.[2] Defendant and Counterclaimant Amirhossein Jaberzadeh Ansari is a former contractor of HeartLung.

This case concerns American Heart and HeartLung's allegations that Ansari misappropriated Plaintiffs' trade secrets, breached relevant contracts and duties, and converted Plaintiffs' trade secrets for his own personal use.

### II.     Procedural History

On November 16, 2022, Plaintiffs filed a complaint against Ansari and Does 1 through 10. Dkt. No. 1. Plaintiffs filed a First Amended Complaint on December 16, 2022, alleging four causes of action: (1) trade secret misappropriation under federal law (18 U.S.C. § 1836, *et seq.*); (2) breach

---

[1] The Court will refer to American Heart and HeartLung, collectively, as the "Plaintiffs."
[2] The Court will refer to American Heart, HeartLung, and Naghavi, collectively, as the "Counterclaim Defendants."

of contract; (3) trade secret misappropriation under state law (Cal. Civ. Code § 3426); and (4) conversion. *See generally* Dkt. No. 11 ("First Amended Complaint" or "FAC").

On April 3, 2023, Ansari filed an Answer and Counterclaim. Dkt. No. 18. Ansari asserted fifteen affirmative defenses and twelve counterclaims against American Heart, HeartLung, Naghavi, and Roes 1 through 10. *See id.* At the summary judgment stage, Ansari sought summary judgment as to Plaintiffs' four causes of action and his twelve state-law counterclaims. Dkt. Nos. 63, 63-7.

On April 21, 2025, this Court granted summary judgment in part and dismissed Plaintiffs' two trade secret claims, breach of contract claim, and conversion claim. Dkt. No. 76 ("SJ Order"). The Court declined to rule on whether Ansari is entitled to summary judgment on his state law counterclaims and ordered Plaintiffs to show cause as to why the Court should exercise supplemental jurisdiction over the remaining counterclaims. *Id.*

On May 5, 2025, Plaintiffs filed a response in favor of the Court declining to exercise supplemental jurisdiction. Dkt. No. 80. On June 4, 2025, the Court dismissed Ansari's twelve state-law counterclaims without prejudice so that Ansari may refile them in California state superior court. Dkt. No. 92.

On May 8, 2025, Ansari filed an Amended Motion for Attorney's Fees and Costs. Dkt. No. 82. Plaintiffs filed an opposition and Ansari filed a reply. Dkt. Nos. 84, 86. On August 19, 2025, the Court GRANTED IN PART Ansari's Motion for Attorney's Fees and Costs, awarding attorney's fees to Ansari in the amount of $41,728.73 and costs in the amount of $1,620 for a total of $43,348.73. Dkt. No. 102.

On October 17, 2025, Plaintiffs filed a Notice of Appeal. Dkt. No. 108. The Ninth Circuit provided a briefing schedule on October 20, 2025. Dkt. No. 110.

On February 21, 2026, Plaintiffs filed the instant Motion. Motion. On March 25, 2026, Ansari filed an Opposition to the Motion. Dkt. No. 130 ("Opposition"). On April 2, 2026, Plaintiffs filed a Reply. Dkt. No. 131 ("Reply").

III.    **Applicable Law**

Federal Rule of Civil Procedure 62(b) provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).

Federal Rule of Civil Procedure 62(d) provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d). "With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Rule 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). "Rule 62(d) is a purely procedural mechanism to preserve the *status quo* during a stay pending appeal of a district court decision . . . ." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000).

### IV.   Discussion

Plaintiffs move to: (1) stay enforcement of the judgment awarding the Motion for Attorney's Fees and Costs, Dkt. No. 102, pending appeal; and (2) approve the supersedeas bond in the amount of $65,024. *See generally* Motion. For the reasons discussed below, the Court finds that a stay is warranted, Plaintiffs' supersedeas bond is reasonable, and GRANTS the Motion.

#### A.  A Stay Is Warranted Under Federal Rule of Civil Procedure 62(b).

Plaintiffs cite to Rule 62(b), arguing that the enforcement of the judgment entered on August 19, 2025, awarding Ansari attorney's fees and costs of $43,348.73, Dkt. No. 102, should be stayed given that Plaintiffs have timely appealed, Dkt. No. 108. Motion at 3. Plaintiffs assert that a stay is "is appropriate to prevent irreparable harm and unnecessary enforcement activity while appellate review proceeds." *Id.* In response, Ansari claims that: (1) Plaintiffs' delay in seeking bond relief weighs against a stay; (2) there is a risk of nonpayment by the shell entities; (3) Plaintiffs have failed

to comply with discovery; (4) the requested stay is an attempt to prevent disclosure of information; and (5) the proposed bond is insufficient.[3] Opposition at 3-5.

Pursuant to Federal Rule of Civil Procedure Rule 62, after judgment is entered, a party may obtain a stay by providing a bond or other security while an appeal is pending. Fed. R. Civ. P. 62(b), (d); *Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. at 3; *Bass*, 219 F.3d at 1055.

Here, the Court's August 19, 2025 Order, awarding attorney's fees and costs of $43,348.73 to Ansari constitutes a final judgment. Dkt. No. 102 at 13. Because Plaintiffs subsequently appealed the final judgment, Dkt. No. 108, Plaintiffs are entitled to seek a stay of the enforcement of the judgment provided that they provide a bond under Rule 62. Fed. R. Civ. P. 62(b), (d). As Plaintiffs have proposed a bond of $65,024 to secure the judgment, post-judgment interest, and costs during the pendency of the appeal—and the Court finds that this amount is sufficient to protect Ansari's rights—a stay under Rule 62 is warranted.

Ansari's contentions to the contrary are unavailing. First, Ansari contends that Plaintiffs waited months prior to filing this Motion and should not be rewarded for their "dilatory conduct." Opposition at 2. However, Rule 62's purpose is to prevent interference with the appellate process, not assess Plaintiffs' diligence. Reply at 2-3; Fed. R. Civ. P. 62; *Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. at 3; *Bass*, 219 F.3d at 1055. Second, Ansari suggests that since Plaintiffs are shell entities, there is a risk of "nonpayment" because a "paper bond backed solely by a surety provides little real protection." Opposition at 2-3. But a supersedeas bond substitutes "the surety's obligation for immediate execution while the appeal is pending." Reply at 3; *see* Fed. R. App. P. 8 ("A party must ordinarily move first in the district court for the following relief . . . approval of a bond or other security provided to obtain a stay of judgment."). So there does not appear to be a risk of nonpayment. Third, Ansari argues that Plaintiffs' noncompliance with Court orders weighs against a stay. Opposition at 3-4. Ansari fails to demonstrate how Plaintiffs' alleged failure to conduct the January 29, 2026 deposition justifies denying a stay under Rule 62. Reply at 3-4. And

---

[3] As an initial matter, Ansari's Opposition was devoid of citations to case law or statutory authorities. Ansari is reminded that the Local Rules of the Central District of California, C.D. Cal L.R. 7-5(a), as well as this Court's Civil Standing Order, Section VIII(D) also require that motions be supported with identified case law.

Plaintiffs apparently *have* attempted to conduct the deposition—suggesting new dates—so the Court does not find that Plaintiffs have ignored Court orders. *Id.*; Dkt. No. 130-1 at 5. Fourth, Ansari posits that the requested stay is a tool to prevent disclosure of information related to Plaintiffs' "contemplated malicious prosecution action." Opposition at 4-5. As stated by Plaintiffs, Ansari does not cite to evidence substantiating this contention or explain its relevance to "whether the proposed bond adequately secures [Ansari] during appeal." Reply at 4. Fifth, Ansari raises concerns with the enforcement proposed bond as well as the bond amount. Opposition at 5. Ansari, however, does not detail the concerns beyond general assertions. And Federal Rule of Appellate Procedure 8(b) provides a mechanism to proceed against the security provider. Reply at 4; *see* Fed. R. App. P. 8(b). The Court also finds the proposed bond amount sufficient to protect Ansari as it considers the judgment, pos-judgment interest, and recoverable cost through the appeal period. Reply at 5; *see* Fed. R. Civ. P. 62(d). Taken together, Ansari's contentions do not establish why the Court should deny a stay under Rule 62.

Accordingly, the Court finds reason to stay the enforcement of the final judgment and approve the proposed supersedeas bond.

### CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

1. Ansari's Motion to Stay Enforcement of Judgment Pending Appeal and to Approve Supersedeas Bond (Dkt. No. 126) is GRANTED.

   a. The Court APPROVES a supersedeas bond in the amount of $65,024.

   b. Upon Plaintiffs' posting of the approved supersedeas bond, enforcement of the judgment is STAYED pending resolution of the appeal.

   c. Plaintiffs shall post the approved supersedeas bond within seven (7) days of the date of this Order, unless otherwise ordered.

IT IS SO ORDERED.

Dated: April 15, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

6